IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SCOTT TURNER, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | No. 3:20-cv-1669-X (BT) |
| | § | |
| STATE OF TEXAS, | § | |
|     Respondents. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This is a *pro se* habeas action brought pursuant to 28 U.S.C. § 2254 by Petitioner Scott Turner, a former inmate at the Dallas County Jail. On August 3, 2020, the Court mailed Turner two orders: (1) an order granting his motions for leave to proceed *in forma pauperis*, and (2) an order directing the Office of the Attorney General of Texas to show cause. On August 11, 2020, the two orders were returned to the Court as undeliverable. They were returned from Dallas County Jail with a note stating that Turner was not incarcerated there. A review of on-line records at the Dallas County Jail confirms that Turner is no longer being held there, and he has not otherwise provided the Court with an updated address. Therefore, this case should be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b).

Rule 41(b) allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Griggs v. S.G.E. Mgmt., L.L.C.*, 905 F.3d 835, 844 (5th Cir. 2018) (citing *McCullough v.*

*Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (per curiam)); *accord Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440 (5th Cir. 2016) (failure to comply with a court order); *Rosin v. Thaler*, 450 F. App'x 383, 383-84 (5th Cir. 2011) (per curiam) (failure to prosecute). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash, R.R. Co.*, 370 U.S. 626 (1962)). Here, this litigation cannot proceed because the Court has no means to communicate with Turner. He failed to provide the Court with a current address, so the Court is unable to communicate with him. By failing to provide the Court with a current address, Turner has failed to prosecute this case. Dismissal without prejudice is warranted under these circumstances.

The Court should dismiss Turner's petition without prejudice under Rule 41(b).

SO RECOMMENDED.

Signed October 28, 2020.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

      A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).